**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 07 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50197 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00128-VBF-1 |
| v. | |
| KENNETH SUNG PARK, aka Sung K. Park, aka Sung Kyu Park, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Argued and Submitted July 10, 2013
Pasadena, California

Before: GRABER, RAWLINSON, and WATFORD, Circuit Judges.

Appellant Kenneth Sung Park (Park) challenges his convictions for bank

fraud and wire fraud.

**1.** The district court acted within its discretion when it admitted Mr.

Kim's prior consistent statement pursuant to Federal Rule of Evidence

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

801(d)(1)(B).  Park's challenge to the witness's testimony at trial constituted an "express or implied charge of recent fabrication or improper influence or motive of the [witness's] testimony . . ."  *United States v. Chang Da Liu*, 538 F.3d 1078, 1086 (9th Cir. 2008) (citations omitted).

The district court did not abuse its discretion in holding that the statement's probative value outweighed any danger of unfair prejudice under Federal Rule of Evidence 403.  *See United States v. Payne*, 944 F.2d 1458, 1471 (9th Cir. 1991) (holding that prior consistent statements had "significant probative force bearing on credibility apart from mere repetition" because the statements "demonstrated that [the witness] had repeated certain aspects of her story . . ."); *see also United States v. Miller*, 874 F.2d 1255, 1274 (9th Cir. 1989) (observing that the determination that "the prior consistent statement has significant probative force bearing on credibility apart from mere repetition. . . . rests in the trial judge's sound discretion") (citation, footnote reference, and internal quotation marks omitted).

In any event, any error in admitting the prior consistent statement was harmless given the substantial evidence of Park's guilt.  *See United States v. Ajoku*, 718 F.3d 882, 890 (9th Cir. 2013) ("Non-constitutional evidentiary decisions are reviewed for abuse of discretion and reversal is appropriate only if the error more

likely than not affected the verdict. . . .") (citation and internal quotation marks omitted).

**2.** The district court's limitations on cross-examination did not violate Park's Confrontation Clause rights. *See United States v. Urena*, 659 F.3d 903, 907-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 1608 (2012) ("A limitation on cross-examination does not violate the Confrontation Clause unless it limits relevant testimony and prejudices the defendant, and denies the jury sufficient information to appraise the biases and motivations of the witness. . . .") (citation omitted).

**3.** The district court did not abuse its discretion in denying Park's belated motion for appointment of sentencing counsel, as Park was appointed counsel and granted self-representation on numerous occasions prior to the filing of his motion. *See United States v. Thompson*, 587 F.3d 1165, 1174 (9th Cir. 2009) (holding that "a court may force a defendant to proceed pro se if his conduct is dilatory and hinders the efficient administration of justice") (citation and internal quotation marks omitted).

**4.** The district court did not err in denying Park's motion for new trial. First, no Confrontation Clause violation occurred because the bank loan applications were routine business documents whose primary purpose was not for use in litigation. *See United States v. Rojas-Pedroza*, 716 F.3d 1253, 1267 (9th Cir. 2013). Second, as Park concedes, the district court was not required to inquire whether Park agreed to a stipulation signed by Park and his attorney. *See United States v. Hernandez-Hernandez*, 431 F.3d 1212, 1219 (9th Cir. 2005) ("[W]hen a stipulation to a crucial fact is entered into the record in open court in the presence of the defendant, and is agreed to by defendant's acknowledged counsel, the trial court may reasonably assume that the defendant is aware of the content of the stipulation and agrees to it through his or her attorney[.]") (citations and footnote reference omitted).

Finally, a remand for the district court to consider Park's ineffective assistance of counsel and handwriting analysis claims is unwarranted. "Although [Park] raised [these claims] before the district court, the conclusory statement in [his] opening brief, unaccompanied by argument or citation to the record, is insufficient to preserve the issue for appeal." *Autotel v. Nev. Bell Tel. Co.*, 697 F.3d 846, 857 n.9 (9th Cir. 2012), *cert. denied*, 133 S.Ct. 1250 (2013) (citations

4

omitted).  In any event, the district court rejected all of Park's claims when it denied Park's motion for new trial in its entirety.

**AFFIRMED.**